1  John B. Sganga, Jr. (SBN 116211)
   john.sganga@knobbe.com
2  Douglas G. Muehlhauser (SBN 179495)
   doug.muehlhauser@knobbe.com
3  Perry D. Oldham (SBN 216016)
   perry.oldham@knobbe.com
4  Mark Lezama (SBN 253479)
   mark.lezama@knobbe.com
5  Alan G. Laquer (SBN 259257)
   alan.laquer@knobbe.com
6  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street, Fourteenth Floor
7  Irvine, CA  92614
   Telephone:  949-760-0404
8  Facsimile:  949-760-9502

9  Attorneys for Plaintiff
   NOMADIX, INC.

10

11

12

13               IN THE UNITED STATES DISTRICT COURT

14              FOR THE CENTRAL DISTRICT OF CALIFORNIA

15

16 | NOMADIX, INC.,                    | Civil Action No. 2:14-cv-322

17 |        Plaintiff,                 | **COMPLAINT FOR**
                                       | **INFRINGEMENT OF U.S.**
18 |     v.                            | **PATENT NOS. 6,130,892;**
                                       | **7,088,727; 7,554,995; 6,636,894;**
19 | iBAHN GENERAL HOLDINGS            | **6,868,399; AND 7,689,716**
20 | CORPORATION,                      |
                                       |
21 |        Defendant.                 | **and**
22                                     |
                                       | **DEMAND FOR JURY TRIAL**
23

24

25

26

27

28

Plaintiff Nomadix, Inc. ("Nomadix") hereby complains of Defendant iBAHN General Holdings Corporation ("iBAHN") and alleges as follows:

## JURISDICTION AND VENUE

1. This Complaint states causes of action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq*., and, more particularly, 35 U.S.C. §§ 271 and 281.  This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2. Upon information and belief, iBAHN conducts business throughout the United States, including in this judicial district, and it has committed the acts complained of in this judicial district and elsewhere.

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) & (c) and 1400(b).

## PARTIES

4. Nomadix is a Delaware corporation having its principal place of business at 30851 Agoura Road, Suite 102, Agoura Hills, California 91301.

5. Upon information and belief, iBAHN is a Delaware corporation having its principal place of business at 2755 East Cottonwood Parkway, Suite 400, Salt Lake City, Utah 84121.

## iBAHN'S BANKRUPTCY

6. iBAHN filed a Chapter 11 bankruptcy petition on September 6, 2013 ("the iBAHN Petition Date"), in the United States Bankruptcy Court for the District of Delaware.  As of the filing of this action, iBAHN remains under the protection of the Bankruptcy Court.

## PRIOR LAWSUIT

7. On November 17, 2009, Nomadix filed Case No. 2:09-cv-08441 in this Court ("the Prior iBAHN Lawsuit").  The Prior iBAHN Lawsuit included claims of patent infringement against iBAHN.  As a result of iBAHN's

///

-1-

bankruptcy filing, the Prior iBAHN Lawsuit was stayed, and it has remained stayed as of the filing of this action.

## TEMPORAL SCOPE OF ASSERTED CLAIMS

8.     The patent-infringement claims asserted in this Complaint are expressly limited to the infringing conduct that occurred on or after the iBAHN Petition Date.  As such, this Complaint, the claims asserted, and damages and other relief sought herein are not subject to the stay of the Prior iBAHN Lawsuit, and are not subject to the automatic stay of 11 U.S.C. § 362.

## ALLEGATIONS FOR ALL CLAIMS

9.     On October 10, 2000, the United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 6,130,892 ("the '892 patent"), titled "Nomadic Translator or Router."  Reexamination of the '892 patent was requested on or around February 15, 2005.  As part of the reexamination proceedings, the PTO issued a reexamination certificate confirming all claims of the '892 patent.

10.    On August 8, 2006, the PTO issued U.S. Patent No. 7,088,727 ("the '727 patent"), titled "System and Method for Establishing Network Connection with Unknown Network and/or User Device."

11.    On June 30, 2009, the PTO issued U.S. Patent No. 7,554,995 ("the '995 patent"), titled "System and Method for Establishing Network Connection with Unknown Network and/or User Device."

12.    On October 21, 2003, the PTO issued U.S. Patent No. 6,636,894 ("the '894 patent"), titled "Systems and Methods for Redirecting Users Having Transparent Computer Access to a Network Using a Gateway Device Having Redirection Capability."  Reexamination of the '894 patent was requested on or around September 24, 2004.  As part of the reexamination proceedings, the PTO issued a reexamination certificate confirming all claims of the '894 patent.

/ / /

/ / /

13. On March 15, 2005, the PTO issued U.S. Patent No. 6,868,399 ("the '399 patent"), titled "Systems and Methods for Integrating a Network Gateway Device with Management Systems."

14. On March 30, 2010, the PTO issued U.S. Patent No. 7,689,716 ("the '716 patent"), titled "Systems and Methods for Providing Dynamic Network Authorization, Authentication and Accounting."

15. Nomadix owns the '892, '727, '995, '894, '399, and '716 patents ("the Asserted Nomadix Patents").

16. Nomadix has marked gateway devices it has manufactured and sold under the Asserted Nomadix Patents in a manner that complies with 35 U.S.C. § 287(a).

17. By no later than May 19, 2009, Nomadix gave iBAHN written notice that iBAHN infringes Nomadix's '892, '727, '995 (notice of published application no. 2005/0188092 A1 containing allowed claims), and '894 patents.

18. By no later than November 17, 2009, Nomadix gave iBAHN written notice that iBAHN infringes Nomadix's '399 patent.

19. By no later than May 21, 2010, Nomadix gave iBAHN written notice that iBAHN infringes Nomadix's '716 patent.

20. Despite receiving actual notice of the Asserted Nomadix Patents and their relevance to iBAHN's products and services, iBAHN has, on or after the iBAHN Petition Date, continued to infringe those patents.

21. Upon information and belief, on or after the iBAHN Petition Date, iBAHN has made, offered for sale, sold, and used Head-End Processors ("HEPs") within the United States.

22. iBAHN's HEPs communicate with networking devices, including user devices and regional servers.

/ / /

/ / /

## FIRST CLAIM FOR RELIEF:
## INFRINGEMENT OF U.S. PATENT NO. 6,130,892

23. For this claim, Nomadix incorporates paragraphs 1–22 of this Complaint.

24. This is a claim for patent infringement, on or after the iBAHN Petition Date, arising under the patent laws of the United States, Title 35 of the United States Code.

25. Without authority, iBAHN, through its agents, employees, and servants, has, on or after the iBAHN Petition Date, manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into and/or supplied in or from the United States, products and/or components covered by one or more claims of the '892 patent, and has, on or after the iBAHN Petition Date, with knowledge of the '892 patent, actively induced others to do the same while knowing that the induced acts constituted infringement of the '892 patent. Moreover, with knowledge of the '892 patent, iBAHN has, on or after the iBAHN Petition Date, provided products and components knowing that they, alone or as material components in combination with other components, infringe the '892 patent and has thereby contributed to others' infringement of the '892 patent. iBAHN has thereby, on or after the iBAHN Petition Date, infringed, actively induced others to infringe, and/or contributed to others' infringement of one or more claims of the '892 patent, including, for example and without limitation, claim 1 of the '892 patent, in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b), and/or (c). This infringement is currently ongoing. The products relating to iBAHN's infringement include, without limitation, HEPs and/or other network gateway devices and software that connect computers and mobile devices to networks.

26. By no later than May 19, 2009, Nomadix had given iBAHN written notice of its infringement of the '892 patent.

-4-

27. iBAHN's infringement of the '892 patent, on or after the iBAHN Petition Date, has been and continues to be deliberate and willful.

28. iBAHN's infringement of the '892 patent, on or after the iBAHN Petition Date, will continue unless enjoined by this Court.

29. iBAHN has derived and received, on or after the iBAHN Petition Date, and will continue to derive and receive, gains, profits, and advantages from the aforesaid acts of infringement in an amount that is not presently known to Nomadix. Due to iBAHN's infringement of the '892 patent on or after the iBAHN Petition Date, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

30. Unless iBAHN is enjoined from infringing the '892 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF:
## INFRINGEMENT OF U.S. PATENT NO. 7,088,727

31. For this claim, Nomadix incorporates paragraphs 1–22 of this Complaint.

32. This is a claim for patent infringement, on or after the iBAHN Petition Date, arising under the patent laws of the United States, Title 35 of the United States Code.

33. Without authority, iBAHN, through its agents, employees, and servants, has, on or after the iBAHN Petition Date, manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into and/or supplied in or from the United States, products and/or components covered by one or more claims of the '727 patent, and has, on or after the iBAHN Petition Date, with knowledge of the '727 patent, actively induced others to do the same while knowing that the induced acts constituted infringement of the '727 patent. Moreover, with knowledge of the '727 patent, iBAHN has, on or after the

-5-

iBAHN Petition Date, provided products and components knowing that they, alone or as material components in combination with other components, infringe the '727 patent and has thereby contributed to others' infringement of the '727 patent. iBAHN has thereby, on or after the iBAHN Petition Date, infringed, actively induced others to infringe, and/or contributed to others' infringement of one or more claims of the '727 patent, including, for example and without limitation, claim 11 of the '727 patent, in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b), and/or (c). This infringement is currently ongoing. The products relating to iBAHN's infringement include, without limitation, HEPs and/or other network gateway devices and software that connect computers and mobile devices to networks.

34. By no later than May 19, 2009, Nomadix had given iBAHN written notice of its infringement of the '727 patent.

35. iBAHN's infringement of the '727 patent, on or after the iBAHN Petition Date, has been and continues to be deliberate and willful.

36. iBAHN's infringement of the '727 patent, on or after the iBAHN Petition Date, will continue unless enjoined by this Court.

37. iBAHN has derived and received, on or after the iBAHN Petition Date, and will continue to derive and receive, gains, profits, and advantages from the aforesaid acts of infringement in an amount that is not presently known to Nomadix. Due to iBAHN's infringement of the '727 patent on or after the iBAHN Petition Date, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

38. Unless iBAHN is enjoined from infringing the '727 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

/ / /

/ / /

## THIRD CLAIM FOR RELIEF:

## INFRINGEMENT OF U.S. PATENT NO. 7,554,995

39. For this claim, Nomadix incorporates paragraphs 1–22 of this Complaint.

40. This is a claim for patent infringement, on or after the iBAHN Petition Date, arising under the patent laws of the United States, Title 35 of the United States Code.

41. Without authority, iBAHN, through its agents, employees, and servants, has, on or after the iBAHN Petition Date, manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into and/or supplied in or from the United States, products and/or components covered by one or more claims of the '995 patent, and has, on or after the iBAHN Petition Date, with knowledge of the '995 patent, actively induced others to do the same while knowing that the induced acts constituted infringement of the '995 patent. Moreover, with knowledge of the '995 patent, iBAHN has, on or after the iBAHN Petition Date, provided products and components knowing that they, alone or as material components in combination with other components, infringe the '995 patent and has thereby contributed to others' infringement of the '995 patent. iBAHN has thereby, on or after the iBAHN Petition Date, infringed, actively induced others to infringe, and/or contributed to others' infringement of one or more claims of the '995 patent, including, for example and without limitation, claim 24 of the '995 patent, in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b), (c), and/or (f). This infringement is currently ongoing. The products relating to iBAHN's infringement include, without limitation, HEPs and/or other network gateway devices and software that connect computers and mobile devices to networks.

42. By no later than May 19, 2009, Nomadix had given iBAHN written notice of its infringement of the '995 patent.

43. iBAHN's infringement of the '995 patent, on or after the iBAHN Petition Date, has been and continues to be deliberate and willful.

44. iBAHN's infringement of the '995 patent, on or after the iBAHN Petition Date, will continue unless enjoined by this Court.

45. iBAHN has derived and received, on or after the iBAHN Petition Date, and will continue to derive and receive, gains, profits, and advantages from the aforesaid acts of infringement in an amount that is not presently known to Nomadix. Due to iBAHN's infringement of the '995 patent on or after the iBAHN Petition Date, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

46. Unless iBAHN is enjoined from infringing the '995 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF:
## INFRINGEMENT OF U.S. PATENT NO. 6,636,894

47. For this claim, Nomadix incorporates paragraphs 1–22 of this Complaint.

48. This is a claim for patent infringement, on or after the iBAHN Petition Date, arising under the patent laws of the United States, Title 35 of the United States Code.

49. Without authority, iBAHN, through its agents, employees, and servants, has, on or after the iBAHN Petition Date, manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into and/or supplied in or from the United States, products and/or components covered by one or more claims of the '894 patent, and has, on or after the iBAHN Petition Date, with knowledge of the '894 patent, actively induced others to do the same while knowing that the induced acts constituted infringement of the '894 patent. Moreover, with knowledge of the '894 patent, iBAHN has, on or after the

iBAHN Petition Date, provided products and components knowing that they, alone or as material components in combination with other components, infringe the '894 patent and has thereby contributed to others' infringement of the '894 patent. iBAHN has thereby, on or after the iBAHN Petition Date, infringed, actively induced others to infringe, and/or contributed to others' infringement of one or more claims of the '894 patent, including, for example and without limitation, claim 6 of the '894 patent, in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b), (c), and/or (f). This infringement is currently ongoing. The products relating to iBAHN's infringement include, without limitation, HEPs and/or other network gateway devices and software that connect computers and mobile devices to networks and that facilitate related functions including, *inter alia*, redirection.

50. By no later than May 19, 2009, Nomadix had given iBAHN written notice of its infringement of the '894 patent.

51. iBAHN's infringement of the '894 patent, on or after the iBAHN Petition Date, has been and continues to be deliberate and willful.

52. iBAHN's infringement of the '894 patent, on or after the iBAHN Petition Date, will continue unless enjoined by this Court.

53. iBAHN has derived and received, on or after the iBAHN Petition Date, and will continue to derive and receive, gains, profits, and advantages from the aforesaid acts of infringement in an amount that is not presently known to Nomadix. Due to iBAHN's infringement of the '894 patent on or after the iBAHN Petition Date, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

54. Unless iBAHN is enjoined from infringing the '894 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

/ / /

# FIFTH CLAIM FOR RELIEF:
# INFRINGEMENT OF U.S. PATENT NO. 6,868,399

55. For this claim, Nomadix incorporates paragraphs 1–22 of this Complaint.

56. This is a claim for patent infringement, on or after the iBAHN Petition Date, arising under the patent laws of the United States, Title 35 of the United States Code.

57. Without authority, iBAHN, through its agents, employees, and servants, has, on or after the iBAHN Petition Date, manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into and/or supplied in or from the United States, products and/or components covered by one or more claims of the '399 patent, and has, on or after the iBAHN Petition Date, with knowledge of the '399 patent, actively induced others to do the same while knowing that the induced acts constituted infringement of the '399 patent. Moreover, with knowledge of the '399 patent, iBAHN has, on or after the iBAHN Petition Date, provided products and components knowing that they, alone or as material components in combination with other components, infringe the '399 patent and has thereby contributed to others' infringement of the '399 patent. iBAHN has thereby, on or after the iBAHN Petition Date, infringed, actively induced others to infringe, and/or contributed to others' infringement of one or more claims of the '399 patent, including, for example and without limitation, claim 13 of the '399 patent, in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b), (c), and/or (f). This infringement is currently ongoing. The products relating to iBAHN's infringement include, without limitation, HEPs and/or other network gateway devices and software that integrate with a management system.

58. By no later than November 17, 2009, Nomadix had given iBAHN written notice of its infringement of the '399 patent.

59. iBAHN's infringement of the '399 patent, on or after the iBAHN Petition Date, has been and continues to be deliberate and willful.

60. iBAHN's infringement of the '399 patent, on or after the iBAHN Petition Date, will continue unless enjoined by this Court.

61. iBAHN has derived and received, on or after the iBAHN Petition Date, and will continue to derive and receive, gains, profits, and advantages from the aforesaid acts of infringement in an amount that is not presently known to Nomadix. Due to iBAHN's infringement of the '399 patent on or after the iBAHN Petition Date, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

62. Unless iBAHN is enjoined from infringing the '399 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

**SIXTH CLAIM FOR RELIEF:**

**INFRINGEMENT OF U.S. PATENT NO. 7,689,716**

63. For this claim, Nomadix incorporates paragraphs 1–22 of this Complaint.

64. This is a claim for patent infringement, on or after the iBAHN Petition Date, arising under the patent laws of the United States, Title 35 of the United States Code.

65. Without authority, iBAHN, through its agents, employees, and servants, has, on or after the iBAHN Petition Date, manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into and/or supplied in or from the United States, products and/or components covered by one or more claims of the '716 patent, and has, on or after the iBAHN Petition Date, with knowledge of the '716 patent, actively induced others to do the same while knowing that the induced acts constituted infringement of the '716 patent. Moreover, with knowledge of the '716 patent, iBAHN has, on or after the

-11-

iBAHN Petition Date, provided products and components knowing that they, alone or as material components in combination with other components, infringe the '716 patent and has thereby contributed to others' infringement of the '716 patent. iBAHN has thereby infringed, on or after the iBAHN Petition Date, actively induced others to infringe, and/or contributed to others' infringement of one or more claims of the '716 patent, including, for example and without limitation, claim 1 of the '716 patent, in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b), (c), and/or (f). This infringement is currently ongoing. The products relating to iBAHN's infringement include, without limitation, HEPs and/or other network gateway devices and software that connect computers and mobile devices to networks and that facilitate related functions including, *inter alia*, redirection.

66. By no later than May 21, 2010, Nomadix had given iBAHN written notice of its infringement of the '716 patent.

67. iBAHN's infringement of the '716 patent, on or after the iBAHN Petition Date, has been and continues to be deliberate and willful.

68. iBAHN's infringement of the '716 patent, on or after the iBAHN Petition Date, will continue unless enjoined by this Court.

69. iBAHN has derived and received, on or after the iBAHN Petition Date, and will continue to derive and receive, gains, profits, and advantages from the aforesaid acts of infringement in an amount that is not presently known to Nomadix. Due to iBAHN's infringement of the '716 patent on or after the iBAHN Petition Date, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

70. Unless iBAHN is enjoined from infringing the '716 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

/ / /

## PRAYER FOR RELIEF

Nomadix respectfully prays for the following relief:

A. an order adjudging iBAHN to have infringed, on or after the iBAHN Petition Date, each of the Asserted Nomadix Patents;

B. a permanent injunction enjoining iBAHN, as well as its officers, agents, servants, employees, and attorneys and those persons in active concert or participation with iBAHN, from infringing the Asserted Nomadix Patents;

C. an accounting of all gains, profits, and advantages derived by iBAHN's infringement of the Asserted Nomadix Patents on or after the iBAHN Petition Date and an award of damages adequate to compensate Nomadix for that infringement;

D. an order adjudging iBAHN to have willfully infringed the Asserted Nomadix Patents on or after the iBAHN Petition Date and declaring this to be an exceptional case;

E. an order trebling damages and/or for exemplary damages because of iBAHN's intentional and willful conduct on or after the iBAHN Petition Date;

F. an award of pre-judgment and post-judgment interest and costs of this action against iBAHN;

G. an award to Nomadix of its attorneys' fees incurred in connection with this action; and

H. such other and further relief as the Court deems just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 14, 2014

/s/ *Douglas G. Muehlhauser*
John B. Sganga, Jr.
Douglas G. Muehlhauser
Perry D. Oldham
Mark Lezama
Alan G. Laquer
Attorneys for Plaintiff NOMADIX, INC.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Nomadix hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 14, 2014  /s/ *Douglas G. Muehlhauser*
John B. Sganga, Jr.
Douglas G. Muehlhauser
Perry D. Oldham
Mark Lezama
Alan G. Laquer

Attorneys for Plaintiff
NOMADIX, INC.

17020509

-14-