IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>iBAHN GENERAL HOLDINGS CORPORATION,<br><br>　　　　Defendant. | Case No.<br>CV14-00322 DDP (VBKx)<br><br>**PERMANENT INJUNCTION** |

Having considered Plaintiff Nomadix's Motion for Default Judgment and all other materials of record, the Court notes that: (1) iBAHN has not made an appearance in the more than two years this case has been pending; (2) the Clerk entered iBAHN's default in May 2015; (3) Nomadix's Complaint provides plain statements of each of its claims for patent infringement sufficient to warrant default judgment on the same; (4) 35 U.S.C. § 283 expressly authorizes the Court to grant an injunction to prevent the violation of any right secured by patent; (5) as the record indicates that iBAHN likely has no assets, Nomadix has likely suffered irreparable harm for which there is no adequate remedy at law; (6) as the record indicates that iBAHN is no longer an operating entity, the harm to Nomadix without an injunction outweighs any harm to iBAHN from the issuance of an injunction; and (7) an injunction will not disserve the public interest. As more fully set forth in this Court's Default Judgment dated August 1, 2016, the Court finds permanent injunctive relief appropriate.

iBAHN, its successors in interest, officers, directors, employees, agents, attorneys, and servants, and those persons in active concert or participation with any of them who receive actual notice of this Permanent Injunction by personal service or otherwise, are hereby permanently enjoined from directly or indirectly:

(a)  selling, offering for sale, transferring, leasing, licensing, disposing of, conveying, importing, exporting, abandoning, or otherwise alienating any iBAHN gateway, including Head-End Processors, or directly or indirectly infringing in any way any of U.S. Patents Nos. 6,130,892, 7,088,727, 7,554,995, 6,636,894, 6,868,399, and 7,689,716 (the "Asserted Patents");

(b)  selling, offering for sale, transferring, leasing, licensing, disposing of, conveying, importing, exporting, abandoning, or otherwise alienating any version of the software in any form (e.g., executable,

source code, etc.) operating on or designed for operation on an iBAHN network device, including Head-End Processors, that infringes the Asserted Patents;

(c) selling, offering for sale, transferring, leasing, licensing, disposing of, conveying, importing, exporting, abandoning, or otherwise alienating any equipment or technology designed to make a network device that infringes the Asserted Patents;

(d) contributing to or inducing, or assisting, aiding, or abetting, any third party to infringe any of the Asserted Patents, including, but not limited to, by providing support or service to users of iBAHN gateways, including Head-End Processors, or by assisting another to support or service any users of iBAHN gateways, including Head-End Processors; and

(e) urging, recommending, or suggesting to anyone, through advertising or otherwise, that a network device be used in a manner that infringes any of the Asserted Patents.

**IT IS SO ORDERED.**

DATED: August 1, 2016

_____
Honorable Dean P. Pregerson
United States District Judge